**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

KRYSTLE ROBINSON-HERSHEY, )
)
Plaintiff; )
)
v. ) Case No. CIV-16-1065-C
)
CHILDCARE DEVELOPMENT )
SCHOOLS d/b/a Childcare Network, )
)
Defendant. )

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**

**COMPLAINT**

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

**PARTIES**

1. The Plaintiff is Krystle Robinson-Hershey, an adult female resident of Oklahoma County, Oklahoma.

2. The Defendant is Childcare Development Schools d/b/a Childcare Network, a business entity doing business in Oklahoma County, Oklahoma.

**NATURE OF CASE**

3. Plaintiff alleges claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. *seq* ("Title VII") for discrimination based upon his race. Plaintiff also alleges illegal retaliation in violation of Title VII. Plaintiff also brings state law causes of action for illegal discrimination based upon race in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 *et. seq*. Plaintiff also alleges a claim of illegal retaliation in violation of the OADA.

Finally, Plaintiff alleges a claim pursuant to 42 U.S.C. §1981 for illegal discrimination based upon her race.

## CONDITIONS PRECEDENT

4. Plaintiff has exhausted all administrative remedies under state and federal law.

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Attorney General's Office of Civil Rights Enforcement in on or about March 19, 2015.

6. The EEOC issued Plaintiff's right to sue letter for this charge and it was received by Plaintiff's counsel on or about June 30, 2016.

7. This lawsuit is filed within ninety (90) days of the receipt of Plaintiff's right to suit letter.

## STATEMENT OF FACTS

8. Defendant had Twenty (20) or more employees for each working day in each of twenty or more calendar weeks in each calendar year from 2012 to the present, and is an employer for the purposes of Title VII, 42 U.S.C. § 1981, and the OADA.

9. Plaintiff is an African American female.

10. Around August 1, 2014 Plaintiff was hired as Executive Director for Defendant's facility no. 203.

11. Plaintiff held the qualifications required by Defendant for the position of Executive Director and performed her job duties satisfactorily.

12. During Plaintiff's employment, Defendant subjected Plaintiff and other African American employees to a racially hostile work environment. Examples of such conduct include, but are not limited to the following:

    A. Plaintiff's supervisor and other Caucasian employees frequently played music in their offices that contained racially derogatory language. Despite complaining to these individuals that such conduct was offensive and inappropriate, the behavior continued.

    B. On a daily basis, Plaintiff was subjected to racially derogatory jokes and remarks from her Caucasian co-workers.

    C. On multiple occasions, Plaintiff's supervisor allowed the parents of Plaintiff's students to make racially derogatory remarks about the Plaintiff.

    D. Plaintiff's Caucasian co-workers frequently engaged in behavior that violated company policy as well as agency regulations for child care facilities. Plaintiff reported these violations to her supervisor on a weekly basis, but Ms. Jones refused to take any corrective action or discipline these individuals.

13. Such conduct was objectively offensive and it personally offended the Plaintiff.

14. Such conduct made the workplace abusive and hostile in that it caused each of the Plaintiff to be uncomfortable, nervous, and anxious coming into work and during the work day.

15. During Plaintiff's employment, Plaintiff made multiple requests to her supervisor, Michelle Jones (Caucasian) to receive additional training in order to assist her with improving the performance of the facility.

16. Defendant denied each of Plaintiff's requests for additional training while granting Caucasian employees' requests for training.

17. During Plaintiff's employment, the Assistant Director, Carla Heird (Caucasian) refused to follow Plaintiff's instructions and directives.

18. Plaintiff complained to her supervisor, Ms. Jones approximately two to three times a week about how Ms. Heird's insubordination was negatively impacting the work environment as well as the overall performance of the facility.

19. Ms. Jones refused to take any corrective action in response to Plaintiff's complaints. Instead, Ms. Heird received a promotion around September or October of 2014.

20. Around the beginning of November, Plaintiff was demoted to the position of Classroom Teacher.

21. Ms. Jones refused to provide Plaintiff with any explanation for the demotion and began to ignore and avoid Plaintiff's attempts to communicate with her.

22. Around November 21, 2014, Plaintiff was terminated from her employment by Ms. Jones.

23. The reason given for termination was that Plaintiff had applied for another position within the company. Such reason is false and pretextual in that other

Caucasian employees had frequently applied for other positions without reprimand.

24. Upon information and belief, Plaintiff was replaced by a Caucasian female.

25. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay, along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages including stress, anxiety, frustration, and similar unpleasant emotions.

26. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of the Plaintiff.

**COUNT I**
**ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E-1 *et seq*.**

27. Plaintiff reasserts and incorporates by reference paragraphs 1-26 as set forth above as if fully restated herein.

28. At all times while employed with Defendant, Plaintiff was qualified for the position she held and performed her job duties in a satisfactory manner.

29. Defendant's willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

30. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under Title VII by taking such adverse actions.

31. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraph 25.

32. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

33. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

**COUNT II**
**ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF 42 U.S.C. §1981**

34. Plaintiff reasserts and incorporates by reference paragraphs 1-334 as set forth above as if fully restated herein.

35. Plaintiff is an African-American protected from racial discrimination by 42 U.S.C. §1981.

36. Plaintiff received disparate and hostile treatment compared to other similarly situated, non-minority employees, as described previously.

37. Any reason(s) given for the adverse actions taken against Plaintiff are pretextual in nature.

38. The discrimination against Plaintiff altered the terms, conditions, and/or privileges of her employment.

39. Defendant did nothing to attempt to remedy the wrong(s) suffered by Plaintiff.

40. Defendant's acts and omissions violated Plaintiff's rights secured by 42 U.S.C. §1981.

41. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraph 25.

42. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

**COUNT III**
**ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. §1101 *et seq*.**

43. Plaintiff reasserts and incorporates by reference paragraphs 1-42 as set forth above as if fully restated herein.

44. At all times while employed with Defendant, Plaintiff was qualified for the position he held, and the position to which he applied, and had been performing satisfactorily.

45. Defendant's willful and malicious conduct as described above is in clear violation of OADA.

46. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under the OADA by taking such adverse actions.

47. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraph 25.

48. Plaintiffs is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under OADA, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

49. Plaintiff is also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

**COUNT IV**
**ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e et seq., the OADA, 25 O.S. §1101 *et seq*., and 42 U.S.C. §1981**

50. Plaintiff reasserts and incorporates by reference paragraphs 1-49 as set forth above as if fully restated herein.

51. 42 U.S.C. §2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

52. 25 O.S. §1601 also prohibits such retaliatory conduct.

53. 42 U.S.C. §1981 also encompasses anti-retaliation measures resulting from post-formation activities.

54. Plaintiff clearly opposed the illegal harassment, discrimination, and retaliation when she complained on multiple occasions to her supervisor.

55. Such opposition and participation is clearly protected activity as defined by Title VII, the OADA, and 42 U.S.C. §1981.

56. The actions taken against Plaintiff following her protected activity in opposition to Defendant's illegal conduct are all retaliatory actions designed to prevent them from exercising their rights under Title VII, the OADA, and 42 U.S.C. §1981.

57. Such conduct is clearly in violation of Title VII, the OADA, and 42 U.S.C. §1981 which all contain provisions prohibiting such conduct.

58. As a result of Defendant's retaliatory conduct, Plaintiff has suffered the losses and damages described in paragraph 25.

59. Plaintiff is entitled to and seek all legal and equitable remedies available to a prevailing Plaintiff under Title VII, the OADA, and 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

60. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k) and 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court grant to Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Punitive damages, in amounts to be determined at trial;

d. Compensatory and consequential damages, in amounts to be determined at trial;

e. Injunctive and/or declaratory relief;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs of this action, including any expert witness fees, as appropriate;

h. That Defendants be enjoined and restrained from engaging in further discriminatory and retaliatory conduct; and

i. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

**RESPECTFULLY SUBMITTED THIS 13th DAY OF SEPTEMBER 2016.**

s/Christine C. Vizcaino
Christine C. Vizcaino, OBA #30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-607-4357/ 405-607-4358 (Fax)
Christine@mazaherilaw.com
*Attorneys for Plaintiff*

***Attorney's Lien Claimed***