IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KRYSTLE ROBINSON-HERSHEY,  )
                                                      )
           Plaintiff,  )
                                                      )
v.  )   Case No. CIV-16-1065-C
                                                      )
CHILDCARE DEVELOPMENT  )
SCHOOLS d/b/a Childcare Network,  )
                                                      )
           Defendant.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action alleging Defendant committed racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 et seq., 42 U.S.C. § 1981, and racial discrimination and retaliation in violation of the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. §§ 1101 et seq. After Defendant failed to respond, the Court entered default judgment on February 13, 2017. (Dkt. No. 15.) Now before the Court is Defendant's Motion to Set Aside Default Judgment, which Defendant filed pursuant to Fed. R. Civ. P. 60(b) and 55(c)[*] on March 15, 2017. (Dkt. No. 19.) Plaintiff has responded and the Motion is now at issue.

The Federal Rules of Civil Procedure allow a court to relieve a party of final judgment for mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Tenth Circuit has stated "Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom

---

[*] The Court will not address the Rule 55(c) argument because the Motion can be disposed of pursuant to Rule 60(b).

upon a showing of good cause within the rule. It is not a substitute for appeal, and must be considered with the need for finality of judgment." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983) (citation omitted). This consideration is counterbalanced with the notion that "strong policies favor resolution of disputes on their merits." Id. (citation and internal quotation marks omitted).

Defendant bears the burden of establishing excusable neglect, and all doubts will be resolved in favor of the party seeking relief. Excusable neglect encompasses situations where the failure to respond is a result of negligence. Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005). This has been described more generally as including "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Id. (citation and internal quotation marks omitted). The determination is made in equity, and the Tenth Circuit has defined the relevant factors as "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" and "whether the moving party's underlying claim is meritorious." Id. at 856-57 (citations and internal quotation marks omitted). Additionally, the "district court is vested with a great deal of discretion in its decision to grant or deny a Rule 60(b) motion." Cessna Fin. Corp., 715 F.2d at 1445 (citation omitted).

Here, Defendant received summons on September 26, 2016, and a temporary receptionist signed the return receipt. Defendant offers no reason why it ignored the summons. Plaintiff served copies of the Motion for Default Judgement, Entry of Default,

2

and two Court Orders, which were signed for by the Director of HR/Payroll on December 22, 2016. Defendant represents the HR/Payroll Director was occupied with her duties, misplaced the documents, and neglected to take action.

After the Court held a hearing on damages, Plaintiff filed a brief in support, which Defendant received, signed for by the Director of HR/Payroll, on February 10, 2017. Defendant states it submitted the documents to an insurance broker, but again, Defendant took no action to retain counsel. On March 14, 2017, about one month after the Court entered judgment against Defendant, the company retained counsel and filed the current Motion one day later.

The Court will analyze Defendant's lack of response to three notices of the pending suit under the excusable neglect standard. Defendant argues the danger of prejudice to Plaintiff is minimal because her costs expended are relatively minimal and would still be recoverable if Plaintiff prevails on the merits. After a review of the timesheets presented in the Motion for Attorney's Fees (Dkt. No. 16), it does appear that the vast amount of Plaintiff's fees accumulated to date are due to groundwork that would have been necessary whether or not Defendant responded in this case. This factor weighs in favor of setting aside the default judgment.

Plaintiff argues she will be prejudiced by the delay in collecting back pay if the Court sets aside the default judgment. The Court finds the interest in resolving a case on its merits, given the relatively short delay when compared to the expected timeline of a normal federal case, is outweighed by the need for a speedy collection due to default.

Additionally, the impact on judicial proceedings will be minimal given the procedural posture of the case.

The Court will consider the reason for the delay, including whether it was within the reasonable control of the movant. Defendant claims the delay was caused by an inadvertent mistake. While, in fact, a series of mistakes occurred, there is no evidence Defendant purposely delayed filing or did so strategically. Nonetheless, a company like Defendant must have procedures in place so summonses are not "misplaced and [their] existence neglected." (Def.'s Mot. to Set Aside Default J., Dkt. No. 19, p. 3.) "Ignoring the point of delivery, whether intentionally or not, throws a monkey wrench into a system designed carefully to promote efficient service of process on artificial entities." Holcim (US) Inc. v. Limerock Materials, LLC, No. 11-CV-00686-REB-CBS, 2012 WL 4442757, at *2 (D. Colo. Sept. 26, 2012). Upon cursory review, it is apparent Defendant has been a party to other lawsuits in the past and cannot claim ignorance of basic judicial processes, although the company was unrepresented at the time it received the documents. This factor weighs against setting aside the default judgment.

Plaintiff argues Defendant did not act in good faith because its disclosure of the timeline of service of filings was not complete. The Court finds this action, while not commendable, is excusable. Defendant retained counsel the day before the current Motion was filed, and the need for speedy action was necessary. There is no obvious culpable behavior, especially when Defendant subsequently corrected the facts. See United States v. Timbers Pres., Routt Cnty., Colo., 999 F.2d 452 (10th Cir. 1993) (citation omitted) ("[a] moving party need not come into court completely unblemished, but neither must a district

. . . court ignore the party's obvious culpable behavior"), abrogated on other grounds by Degen v. United States, 517 U.S. 820, 825 (1996).

Defendant claims it can offer a meritorious defense: Plaintiff was not terminated due to her race, but because the Oklahoma Department of Human Services issued a Notice to Comply where Plaintiff "was seen yanking a child by the arms and pulling the child down the hallway." (Dkt. No. 19-1.) This notice formed grounds for Plaintiff's dismissal under the employee handbook. In her Response, Plaintiff does not contest the truthfulness of these statements; she merely argues Defendant's meritorious defense is moot. After weighing the equities, the Court finds this case must be decided on its merits in the interest of justice to determine the true reason for Plaintiff's termination.

## CONCLUSION

For the reasons stated, Defendant's Motion to Set Aside Default Judgment (Dkt. No. 19) is GRANTED. Accordingly, the Court's Order (Dkt. No. 14) and Judgment (Dkt. No. 15) and VACATED, and Plaintiff's Motion for Attorney's Fees (Dkt. No. 16) is STRICKEN as moot.

IT IS SO ORDERED this 13th day of April, 2017.

ROBIN J. CAUTHRON
United States District Judge